UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                      *
JAMES D. WHITE and                    *       CIV. 06-4272
BRENDA WHITE,                         *
                                      *
            Plaintiffs,               *
                                      *       ORDER ON MOTION
    -vs-                              *
                                      *
COOPER TOOLS, INC.,                   *
                                      *
            Defendant.                *
                                      *
*****************************************************************************
```

Pending is plaintiffs' motion (Doc. 161) to reconsider the Order (Doc. 160) compelling plaintiffs to allow defendant to conduct destructive testing on 10314.[1] After the Order was entered plaintiffs advised the court that the testing in December 2009 was for aluminum oxide inclusions on 10317. The result of the testing was that there were not significant aluminum oxide inclusions on 10317. Plaintiffs assure the court that they are not going to argue at trial that "testing would have revealed some sort of defect in SID 10314" as well as in 10317. Plaintiffs also make it clear they "are going to argue there is a defect in SID 10314."

The ASTM testing that defendants moved to compel was to detect the presence or absence of aluminum oxide inclusions. The issue about aluminum oxide inclusions was first raised by plaintiffs at the pretrial conference when they suggested they intended to offer rebuttal evidence that aluminum oxide inclusions were present. Defendant has offered to forego the testing if plaintiffs

---

[1] Plaintiffs consistently refer to 10314 and 10317. Defendant consistently refers to 000314 and 000317. It is understood the parties are referring to the same chain links with different numerical designations.

would "stipulate that the results of the ASTM E45 testing would be within normal and acceptable ranges for inclusion content." Before the Order (Doc. 160) was filed Plaintiffs refused the offer. After plaintiffs' motion to reconsider defendant made the offer again in its brief (Doc. 165) resisting plaintiffs' motion. Plaintiffs filed a rebuttal brief (Doc. 168) without mentioning the proposed stipulation.

Given that plaintiffs "are going to argue there is a defect in SID 10314" and will not "stipulate that the results of the ASTM E45 testing would be within normal and acceptable ranges for inclusion content," even though plaintiffs are not going to argue at trial that "testing would have revealed some sort of defect in SID 10314" there is enough of an issue about a defect in SID 10314 to justify destructive testing to determine the presence or absence of aluminum oxide inclusions.

The motion to reconsider has been considered, so the motion to reconsider is GRANTED, but the implicit motion to rescind the Order allowing destructive testing as described in Document 160 is DENIED.

Dated this 9th day of April, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge